**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| High Seas Properties, LLC, Old Mill, LLC, Salt Grass Investments, LLC, Nellie Properties, LLC, Crosby Rental Properties, LLC, Latitude 33 Investments, LLC, \ and Laban Chapel and Ryan Condon, individually, <br><br>Plaintiffs, <br><br>v. <br><br>American Resources Insurance Company, Inc. <br><br>Defendant. | Civil Action No.: 2:19-cv-00709-DCN <br><br><br>**COMPLAINT** |

The undersigned on behalf of Plaintiffs, High Seas Properties, LLC, Old Mill, LLC, Salt Grass Investments, LLC, Nelle Properties, LLC, Crosby Rental Properties, LLC, Latitude 33 Investments, LLC, and Laban Chapel and Ryan Condon, individually (collectively, "Plaintiffs") complaining of the Defendant American Resources Insurance Company, Inc. ("ARIC") would hereby show and allege unto this Honorable Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs High Seas Properties, LLC, Old Mill, LLC, Salt Grass Investments, LLC, Nelle Properties, LLC, Crosby Rental Properties, LLC, and Latitude 33 Investments, LLC, are limited liability companies organized and existing under the laws of the State of South Carolina and conducting business in South Carolina.

2. Individual Plaintiffs Laban Chapel and Ryan Condon are residents and citizens of the State of South Carolina.

3. Upon information and belief, Defendant ARIC is a corporation organized and existing under the laws of one of the fifty states other than South Carolina with its principal place of business in Mobile, Alabama.

4. At all times material hereto, Defendant ARIC was in the business of selling contracts of insurance to developers and commercial real property owners such as one or more of the Plaintiffs and issued Policy Number CPB03784 to the Plaintiffs as its insureds.

5. The alleged property damage and events giving rise to this action occurred in Lexington County, South Carolina; however, the subject Policy insures the Plaintiffs throughout the state of South Carolina, including Charleston County.

6. The amount in controversy is in excess of $75,000, exclusive of costs and interests.

7. There is complete diversity of citizenship between the Plaintiffs and the Defendants. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and venue is proper in the Charleston Division.

## FACTUAL ALLEGATIONS

8. One or more of the Plaintiffs are in the business of owning commercial and residential rental properties throughout the State of South Carolina.

9. Plaintiff Old Mill, LLC is the owner and operator of a 90,000 square foot commercial rental property located at 711 East Main Street, Lexington, South Carolina.

10. Defendant ARIC insured all of the Plaintiffs from August 22, 2015 through March 4, 2019 on a Commercial Insurance Policy, issued by ARIC bearing Policy Number CPB03784. The Policy provided coverage for various specific, separate and distinct types of risk, including but not limited to, Commercial Property Coverage and Commercial General Liability Coverage.

11. On or about October 4, 2015, Lexington County sustained a significant flood event that resulted in excess of 20 inches of rain in a 48 hour period. As a result of this historic flooding

event, water overflowed a dam on the Lexington Old Mill property and caused damage to property and other legal damages to adjacent real property owners and leaseholders.

12.     Plaintiff Old Mill, LLC and individual Plaintiffs Laban Chapel and Ryan Condon have been sued in at least three matters pending in the Court of Common Pleas for Lexington County, South Carolina, brought by the adjacent property owners and/or leaseholders of property in the vicinity of the Lexington Old Mill property. The three legal matters pending before the Court of Common Pleas in Lexington County comprise the "Underlying Lawsuits" in this action. Each of the Underlying Lawsuits alleges that Plaintiff Old Mill, LLC and individual Plaintiffs Laban Chapel and Ryan Condon were negligent or otherwise culpable in contributing to the damage sustained by adjacent owners or leaseholders, that resulted from the waters overflowing and / or breaching the dam on the Lexington Old Mill property.

13.     Upon information and belief, Plaintiffs promptly notified ARIC of the claims resulting in the Underlying Lawsuits, requested coverage and defense, and provided to ARIC information and documents regarding the claims that comprise the Underlying Lawsuits.

14.     The documents Plaintiffs provided to Defendant ARIC demonstrated clear allegations of property damage and other alleged damages covered under Defendant ARIC's CGL Policy.

15.     The ARIC Policy contains, among other things, duties on the part of ARIC to defend and indemnify Plaintiffs with respect to the Underlying Lawsuits and the claims asserted therein as well as any other potential covered claims that may arise during the policy periods involving the various Plaintiffs and properties that ARIC has agreed to insure.

16.     Defendant ARIC accepted Old Mill, LLC's tender of the of the claims in the Underlying Lawsuits. However, on or about March 4, 2019, ARIC notified the Plaintiffs that it

had rescinded the Policy and would no longer insure ANY of the Plaintiffs for any past present or future claims that may occur at any insured property or from any insured operations during the policy period.

17.     One or more of the three Underlying Lawsuits seek substantial damages from Plaintiffs Old Mill, LLC, Chapel and Condon based upon alleged property damage and other alleged damage covered by the Policy. Defendant ARIC's failure to acknowledge its unqualified obligations to Plaintiffs has caused Plaintiffs to endure substantial harm.

18.     Defendant ARIC has not made a good faith attempt to effect the prompt, fair, and equitable settlement of the claims in the Underlying Lawsuits.

19.     Defendant ARIC has either improperly denied or failed to acknowledge Plaintiffs' requests for coverage and defense in the Underlying Lawsuits.

20.     Based upon Defendants ARIC's (1) bad faith denials of coverage and (2) late decision to withdraw coverage with regard to the Underlying Lawsuits and (3) unilateral decision to rescind the Policy <u>ab initio</u>, Defendants have compelled Plaintiffs to institute suit in order to recover amounts they are reasonably due or payable with respect to the Underlying Lawsuits which have arisen under Defendant ARIC's Policy.

21.     This action seeks declaratory relief against the Defendant ARIC, as follows:

    i.     that the Underlying Lawsuits set forth claims that are covered under the Policy;

    ii.    that Defendant ARIC has an immediate duty to reinstate coverage under the Policy retroactive to March 4, 2019 and defend and indemnify Plaintiffs with respect to the Underlying Lawsuits;

    iii.    that, pursuant to Defendant ARIC's CGL Policy, Defendant ARIC is obligated to provide coverage to Plaintiffs for "property damage" which occurs during the policy period, including any continuation, change or resumption of that "property damage" after the end of the policy period; and

    iv.    that Defendant ARIC has failed to adequately reserve the right to contest coverage under the CGL Policy and is precluded from doing so; and

    v.    that the Plaintiffs are entitled to recover damages resulting from Defendant ARIC's bad faith actions with regard to its conduct to its insureds.

## THE ARIC POLICY

22. Upon information and belief, Defendant ARIC provided insurance coverage to the Plaintiffs as outlined hereinbelow.

23. The Insuring agreement in the Commercial General Liability Coverage Form the CGL Policy issued by ARIC, reads, in pertinent part, as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a. We** will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages….
>
> **b.** This insurance applies to "bodily injury" and "property damage"... if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

>> (2) The "bodily injury" or "property damage" occurs during the policy period.
>
>> c. "Bodily injury" or "property damage" which: (1) occurs during the "coverage term"; and (2) was not, prior to the "coverage term", known by you...to have occurred; includes any continuation, change or resumption of that "bodily injury or "property damage" after the end of the "coverage term" in which it first became known by you.

### Section V - Definitions

**16.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**20.** "Property damage" means: **a.** physical injury to tangible property, including all resulting loss of use of that property [and also including] **b.** loss of use of tangible property that is not physically injured.

### FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

24. Each and every one of Plaintiffs' prior allegations are incorporated herein as if fully restated.

25. The Underlying Lawsuits seek damages that are covered by Defendant ARIC's Policy and have triggered duties owed by Defendant ARIC to one or more of the Plaintiffs under the Policy, including Defendant ARIC's duties to defend and indemnify Plaintiffs.

26. The claims and damages alleged in the Underlying Lawsuits, including, but not limited to, the Plaintiffs' alleged negligence that has caused damage to the adjacent real property owners and/or leaseholders occurred during at least one of Defendant ARIC's policy periods. As a result, these alleged "occurrences" of "property damages" are covered under the ARIC Policy.

27. Defendant ARIC has failed to adequately reserve its rights to contest coverage by either not reserving its rights at all or by providing Plaintiffs with untimely, ambiguous, generic denials of coverage, coupled with cut-and-paste provisions from the CGL Policies. Therefore,

Defendant ARIC should be precluded from contesting coverage as it applies to its duty to defend and indemnify some and/or all of the Plaintiffs in the Underlying Lawsuits.

28. Plaintiffs seek entry of a Declaratory Judgment declaring the rights and obligations of the Parties under the ARIC Policy with respect to the Underlying Lawsuits as follows:

    i. that the Underlying Lawsuits set forth claims that are covered under each of the Policy;

    ii. that the Defendants have an immediate duty to defend and indemnify Plaintiffs with respect to the Underlying Lawsuits;

    iii. that, pursuant to the ARIC's Policy, Defendant ARIC is obligated to provide coverage to Plaintiffs for claims of "property damage" which occurs during the policy period, including any continuation, change or resumption of that "property damage" after the end of the policy period; and

    iv. that Defendant ARIC has failed to adequately reserve the right to contest coverage under the Policy and is thus precluded from doing so.

**FOR A SECOND CAUSE OF ACTION**
**(Bad Faith Refusal to Pay First Party Benefits)**

29. Each and every one of Plaintiffs' prior allegations are incorporated herein as if fully restated.

30. Defendant ARIC has provided no reasonable basis upon which coverage, defense, and indemnity was denied to Plaintiffs with regard to the Underlying Lawsuits under the Policy. Instead, Defendant has either improperly denied coverage or failed to acknowledge with reasonable promptness pertinent communications with respect to the claims in the Underlying Lawsuits, has failed to adopt and implement reasonable standards for prompt investigation and

settlement of claims, and has not attempted in good faith to effect prompt, fair, and equitable settlement of the claims.

31. Defendant ARIC has willfully denied coverage and refused to defend or indemnify Plaintiffs against the Underlying Lawsuits, even in light of applicable South Carolina law and the information Plaintiffs provided to Defendant ARIC demonstrating clear allegations of property damage that occurred during the time the ARIC Policy was in effect.

32. Defendant ARIC's refusal to provide coverage in light of all applicable facts compelled Plaintiffs to institute this lawsuit to recover amounts that Plaintiffs anticipate to become due in the Underlying Lawsuits.

33. Defendant ARIC's refusal to provide coverage and defend or indemnify Plaintiffs in the Underlying Lawsuits is in bad faith and is an unreasonable action in breach of an implied covenant of good faith and fair dealing.

34. As a direct and proximate result of Defendant ARIC's bad faith refusal to provide coverage and defend or indemnify Plaintiffs under the ARIC Policy, Plaintiffs have been deprived of the benefits of the {p;ocu, and have sustained damages in an amount to be determined pending litigation of the Underlying Lawsuits.

35. As a result of Defendant ARIC's bad faith refusal to provide coverage to Plaintiffs under the ARIC Policy, Plaintiffs are entitled to actual damages and/or consequential damages, punitive damages, reasonable attorneys' fees, costs, and expenses, together with prejudgment interest.

## JURY TRIAL DEMAND

36. Plaintiffs demand trial by jury as to all issues and counts in this Complaint triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Enter declaratory judgment on Plaintiffs' First Cause of Action in favor of the Plaintiffs and against Defendant ARIC that declares the rights and obligations of the parties under the ARIC Policy with respect to the Underlying Lawsuits as follows:

   a. that the Underlying Lawsuits set forth claims that are covered under each of the ARIC Policy;

   b. that the Defendant ARIC has an immediate duty to defend and indemnify Plaintiffs with respect to the Underlying Lawsuits;

   c. **that, pursuant to the Defendant ARIC's Policy, Defendant ARIC is obligated** to provide coverage to Plaintiffs for "property damage" which occurs during the policy period, including any continuation, change or resumption of that "property damage" after the end of the policy period; and

   d. that Defendant ARIC has failed to adequately reserve the right to contest coverage under the ARIC Policy and are thus precluded from doing so.

2. Enter Judgment in favor of Plaintiffs and against Defendant ARIC on Plaintiffs' Second Cause of Action and award to Plaintiffs actual damages and/or consequential damages, punitive damages, reasonable attorneys' fees, costs, and expenses, together with pre judgment interest;

3. Enter Judgment in favor of Plaintiffs and against Defendant ARIC on Plaintiffs' Third Cause of Action and award to Plaintiffs actual damages; and

4. Award to Plaintiffs and against Defendant ARIC such other, further, and additional relief as the Court deems just and proper.

**HALL, BOOTH, SMITH, P.C.**

/s/ Alan R. Belcher

_____
Alan R. Belcher, Jr., Esquire, Bar No. 9342
Elizabeth F. Wieters, Esquire, Bar No. 12317
111 Coleman Blvd., Suite 301
Mt. Pleasant, SC 29464
Telephone: (843) 720-3460
Facsimile: (843) 606-6536
alan.belcher@hallboothsmith.com
ewieters@hallboothsmith.com